ORIGINAL

FILED IN CLERK'S OFFICE
U.S.D.C.

SEP 27 2007

JAMES N. HATTEN, CLERK
By: [signature] Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) ) Plaintiff, ) ) v. ) ) NORTHSIDE HOSPITAL, ) ) ) Defendant. ) _____ ) | CIVIL ACTION NO. 1:07-CV-2358 JURY TRIAL DEMANDED -RLV |

## COMPLAINT

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of retaliation and to provide appropriate relief to Alcee Anderson who was adversely affected by such practices. The Commission alleges that Mr. Anderson was terminated from his position as a Licensed Practical Nurse in retaliation for filing a sexual harassment claim with the Equal Employment Opportunity Commission.

### JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to

1

Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Georgia, Atlanta Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Northside Hospital, (the "Defendant"), has continuously been a Georgia corporation doing business in the State of Georgia and the City of Atlanta, and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Alcee

Anderson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least January 2007, Defendant has engaged in unlawful employment practices at its Atlanta, Georgia location, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by discharging Alcee Anderson in retaliation for filing a workplace sexual harassment claim with the Commission.

8. The effect of the practice(s) complained of in paragraph 7 above has been to deprive Alcee Anderson of equal employment opportunities and otherwise adversely affect his status as an employee, because he engaged in protected activity.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above, were done with malice or with reckless indifference to the federally protected rights of Alcee Anderson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from

engaging in any employment practices which retaliate against individuals who engage in protected activity.

B.   Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for employees who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

C.   Order Defendant to make whole Alcee Anderson by providing appropriate back-pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement.

D.   Order Defendant to make whole Alcee Anderson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses resulting from the retaliation, in amounts to be determined at trial.

E.   Order Defendant to make whole Alcee Anderson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including emotional pain and suffering, inconvenience, loss of enjoyment of life, anxiety, stress, and humiliation, in amounts to be determined at trial.

F.   Order Defendant to pay Alcee Anderson punitive damages for its

malicious and reckless conduct described above, in amounts to be determined at trial.

G.  Grant such further relief as the Court deems necessary and proper in the public interest.

H.  Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully Submitted,

Ronald S. Cooper
General Counsel

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

9/27/07

Robert K. Dawkins
Regional Attorney
Georgia Bar No. 076206

EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
Atlanta District Office
100 Alabama Street, Suite 4R30
Atlanta, GA 30303
(404) 562-6818 - direct
(404) 562-6905 - facsimile